UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LEON-FAVELA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TESLA, INC.,<br><br>　　　　　Defendant. | Case No.  24-cv-04002-VC<br><br>**ORDER**<br>Re: Dkt. No. 11 |

　　　　This is a case where the plaintiff seeks PAGA penalties for himself and other similarly situated workers. The parties have stipulated that the plaintiff's individual claim for PAGA penalties must go to arbitration, and that the representative claim for PAGA penalties must be stayed while the arbitration is pending. The Court is of the tentative view that, although it may currently have jurisdiction over this stayed case while the arbitration is pending (because the plaintiff's individual claim for PAGA penalties technically remains part of this case while it is stayed) it will lose jurisdiction over the representative PAGA claim once the plaintiff's individual PAGA claim is adjudicated in arbitration. The Court's tentative thinking is that if the plaintiff loses in arbitration, that necessarily means he suffered no injury or that any injury he suffered will not be redressable in court. This, in turn, means that this Court would no longer have jurisdiction because the plaintiff would no longer have a financial stake in the litigation and instead would be seeking to stand in the shoes of the state to seek penalties solely on behalf of other workers (although he may well have standing in state court to seek penalties solely on behalf of other workers). *See Magadia v. Wal-Mart Associates, Inc.*, 999 F.3d 668 (9th Cir. 2021). Similarly, if the plaintiff wins in arbitration, it seems he no longer will have an injury to

be redressed by the federal action and will no longer have a financial stake in the outcome of the litigation, leading to the same conclusion: he may be able to seek PAGA penalties solely on behalf of other workers in state court, but there would be no jurisdiction over that claim in federal court.

      The plaintiff has stated that he only stipulated to arbitration of his individual PAGA claim and a stay of the representative PAGA claim because he assumed that if he prevailed in the arbitration he would be able to pursue the representative PAGA claim. Because of the serious possibility that his representative PAGA claim would be dismissed for lack of jurisdiction following the arbitration (albeit without prejudice to pursuing that representative PAGA claim in state court) a hearing is scheduled for October 24, 2024 to discuss whether the Court's tentative view is correct, and if so whether the plaintiff should be entitled to relief from the stipulation.

**IT IS SO ORDERED.**

Dated: October 17, 2024

                                          VINCE CHHABRIA
                                          United States District Judge